IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STATE FARM LIFE AND ACCIDENT ASSURANCE CO., ) | CASE NO.  1:12 109 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| JOHN E. WEISS, SR. IRREVOCABLE TRUST, et al., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the separate motions by both claimants for Summary Judgment. (ECF #32 and #33) For the reasons that follow, the motion of the John E. Weiss, Sr. Irrevocable Trust ('the Trust") (ECF #33) is granted and the Motion of Rachele Weiss (ECF #32) is denied.

**FACTUAL BACKGROUND**

This interpleader action was initiated by State Farm Life and Accident Assurance Company ("State Farm") who sought to deposit the proceeds of a life insurance policy on the life of decedent John E. Weiss, Sr. with the Court so that the competing claims upon the proceeds could be resolved. The Court granted State Farm's Motion to Interplead the policy proceeds on April 11, 2012, and State Farm deposited $94,988.78 with the Court. Thereafter, both parties

asserting claims on the funds, the John E. Weiss, Sr. Irrevocable Trust and Rachele Weiss, the decedent's wife at the time of his death, filed motions for summary judgment.

The facts are not in dispute. Mr. Weiss passed away on July 2, 2011. At the time of his death he maintained the insurance policy at issue. The beneficiary of record at the time of his death was the John E. Weiss, Sr. Irrevocable Trust. Rachele Weiss, the Decedent's wife at the time of his death, asserts that she is entitled to the Policy death benefit because the Separation Agreement and Decree, memorializing the divorce between the Decedent and his former wife, Cheryl Weiss, grants ownership of the policy to the Decedent.

The Trust was created on September 21, 1994 to be an irrevocable trust instrument to hold insurance policy assets for the benefit of his wife and children. The trustees were Decedent's wife at the time, Cheryl Weiss, and his daughter Denise Maguire. The Trust provided that if Decedent and his wife divorced or initiated a legal separation then Cheryl would be deemed to have died for all purposes of the Agreement and to have forfeited all of her rights and interests, including her trusteeship, under the Trust Agreement. Further, the Trust provided that if Cheryl is determined to have predeceased Decedent, then Decedent's other daughter, Monique Weiss, was to serve as successor co-trustee. Thus, by virtue of the divorce, Cheryl Weiss was removed from her trusteeship and any ability to direct the ownership of the trust assets.

The Policy at issue was obtained by the Decedent in August 1984 and Cheryl Weiss was identified as the Policy's beneficiary. On July 28, 1995, the Decedent executed a Change of Ownership Form naming the Trust as the Owner of the Policy. At the same time the Decedent executed a Change of Beneficiary Form, naming the Trust and its Trustees, Cheryl Weiss and Denise Maguire, as the primary, successor and final beneficiaries of the Policy's death benefit.

-2-

When the divorce proceedings were initiated, Cheryl Weiss was determined to have predeceased the Decedent under the terms of the Trust and Monique Weiss Westbay became the co-trustee with Denise Maguire. Although Mr. Weiss lived for several years after the conclusion of the divorce, the beneficiary of the Policy was never changed from the Trust. Rachele Weiss concedes that she was never identified as a primary, secondary or final beneficiary to the Policy. Mr. Weiss never executed another Change of Beneficiary Form nor is there any evidence that the Trust was revoked.

## STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

-3-

Rachele Weiss relies solely on the language of the Separation Agreement and Decree to support her claim that the Decedent was (or should be considered to be) the owner of the Policy. While Mrs. Weiss attached a copy of the Separation Agreement to her motion, the relevant page cited as support for her argument is missing from the exhibit filed with the Court.  In its Response to Rachele Weiss' Motion for Summary Judgment, the Trust notes that the Separation Agreement "states that Cheryl Weiss would obtain the consent of her daughter and take all the steps necessary to terminate, modify or amend the Trust so that Decedent would be the Policy's primary beneficiary."(ECF #33 at 7) Based on this language Mrs. Weiss proclaims that the Trust has no interest in the Policy and that the family law lawyers did not complete the details and the "loose ends" regarding the divorce were never completed. (ECF #32, at 1-2).  This is the sum total of her argument.

What is clear from the filings submitted by the Trust is that the promises made by the Decedent's former wife in the Separation Agreement could not be implemented by law.  First, the Trust documents specifically prohibits the Decedent from being named as a beneficiary. Further, the co-trustees of the Trust, the Decedent's daughters, have fiduciary duties to the Trust and its beneficiaries, their siblings, to look out for the best interests of the Trust and the beneficiary children.  Denise Maguire and Monique Westbay, as trustees, would have breached their fiduciary duties by designating the Decedent as a beneficiary in direct contravention of the language of the Trust Agreement. Further, once the separation and divorce were initiated Cheryl Weiss lost all ability and power to change the Trust in any way as she ceased to be a trustee or a beneficiary. The Trust is an irrevocable trust that was not properly revoked under New York law and provides that the trustee, Denise Maguire and successor trustee Monique Westbay have all

the rights, powers, options, title, claims and benefits in the Policy, including the right to receive the proceeds thereof.[1]  Rachele Weiss does not dispute that she was not a beneficiary of record and was never designated a beneficiary of the Policy. Accordingly, the Court finds that the Trust is the rightful beneficiary of the Policy benefits, and is entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, the Motion of Rachele Weiss for Summary Judgment (ECF #32) is denied and the Motion of the Trust for Summary Judgment (ECF #33) is granted. The Trust is the rightful beneficiary of the Policy benefits.

IT IS SO ORDERED.

   /s/Donald C. Nugent        
DONALD C. NUGENT
UNITED STATES DISTRICT COURT

DATED:   October 2, 2012

---

[1] The fact that the family law lawyers "forgot details and left loose ends" does not require this Court to refer this matter to the Queen's County Family Court for another shot at completion. The Court makes no judgment as to whether the "family law lawyers" could have successfully revoked the Trust under New York law or if such an effort was necessary to implement the terms of the Separation Agreement. The fact that the Trust was not revoked or Rachele Weiss added as a beneficiary settles the issue before this Court.